**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE HELM, | CASE NO. 1:09-cv-02111-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| ADAM CHRISTIANSON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff James Lee Helm, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 4, 2009. The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949. Plaintiff's factual allegations must be sufficient to

state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

   **A.     Summary of Complaint**

Plaintiff was transported from Coalinga State Hospital to the Stanislaus County Jail for civil commitment proceedings on March 19, 2009, and again on June 11, 2009.[1] Plaintiff challenges the conditions of his confinement during those two stays, alleging the jail conditions were punitive, his right to equal protection was violated, he was subjected to unreasonable searches, and his right of access to the courts was violated. Plaintiff alleges individual capacity claims against Stanislaus County Sheriff Adam Christianson, Lieutenant Clifton, Lieutenant Lloyd, an unidentified inmate classification lieutenant, and the Stanislaus County Board of Supervisors.

   **B.     Linkage Deficiencies**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

With respect to the Board of Supervisors, a local government unit may not be held responsible for the acts of its employees under respondeat superior, either. Monell v. Department

---

[1] The exact length of each stay is unclear from the complaint, but it appears Plaintiff was at the jail for approximately two weeks or longer both times.

2

of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Delia v. City of Rialto, 621 F.3d 1069, 1081 (9th Cir. 2010); Ewing, 588 F.3d at 1235; Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Delia, 621 F.3d at 1081; Conn v. City of Reno, 572 F.3d 1047, 1062 (9th Cir. 2009); Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff's complaint is devoid of any specific facts linking the named defendants to the violation of his constitutional rights. Therefore, Plaintiff fails to state any claims. In the sections that follow, Plaintiff is provided with the legal standards applicable to his section 1983 claims and notice of the additional deficiencies, if any.

**C.  Conditions of Confinement**

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to

more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

Plaintiff adequately alleges a variety of jail conditions which were as restrictive, and at times more restrictive, than those imposed upon criminal pretrial detainees and/or convicted criminals serving their jail sentences. The conditions were therefore presumptively punitive. Jones, 393 F.3d at 932. However, Plaintiff fails to allege facts linking the defendants named in this action to those conditions. Plaintiff may not rely upon vague, conclusory language to establish a plausible claim for relief against Defendants. Iqbal, 129 S.Ct. at 1949-50.

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch

///

///

4

Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).[2]

Plaintiff's complaint does not set forth any facts supporting a claim that Defendants treated him, either as a member of an identifiable group or as an individual, differently than they treated other similarly situated individuals. Therefore, Plaintiff fails to state a claim.

### E.  Unreasonable Searches

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, No. 07-16640, 2011 WL 13920, at *5 (9th Cir. Jan. 5, 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 2011 WL 13920, at *5; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 2011 WL 13920, at *5; Bull at 972; Nunez, 591 F.3d at 1227; Michenfelder at 332.

Plaintiff takes issue with the strip search conducted upon his arrival at the jail and a search conducted prior to a vehicle transport. However, there are no facts supporting a claim that Plaintiff was subjected to an unreasonable search by Defendants. A bare assertion that Plaintiff was searched does not support a claim, as Plaintiff is not entitled to be entirely free from institutional searches. Bell, 441 U.S. at 558; see also Seaton v. Mayberg, 610 F.3d 530, 535-36 (9th Cir. 2010) (civil detainee awaiting commitment proceedings was not a free person with full civil rights).

///

---

[2] Plaintiff alleges that the government's conduct is subject to strict scrutiny because fundamental rights were at issue. Plaintiff cites heavily to Hydrick v. Hunter, 500 F.3d 978 (9th Cir. 2007) in his complaint. However, Hydrick is no longer good law, as the opinion was vacated and remanded back to the Ninth Circuit. Hunter v. Hydrick, 129 S.Ct. 2431 (2009). In any event, at this stage in the proceedings, the Court need not and does not determine whether strict scrutiny or the rational basis test is applicable Plaintiff's claim. Regardless of the level of scrutiny ultimately applied, Plaintiff must allege a basic equal protection violation and he has not done so.

5

### E.  Denial of Access to the Courts

Finally, Plaintiff claims his right of access to the courts was violated when he was unable to communicate confidentially with his attorney and he was denied access to the law library. While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002) Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Jones, 393 F.3d at 936. The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Therefore, Plaintiff fails to state a claim.

### III.  Conclusion and Order

For the reasons set forth herein, Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff should state his claims for relief and set forth the facts supporting the claims. Plaintiff should not, as he did in his original complaint, submit a supporting memorandum of points and authorities. Legal arguments and authority such as set forth in the memorandum are unnecessary and serve only to confuse the record.

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

///

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 4, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    February 20, 2011**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE