**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE HELM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM CHRISTIANSON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-02111-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 16)<br><br>THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.　Procedural History**

Plaintiff James Lee Helm, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 4, 2009. On February 22, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. Plaintiff filed an amended complaint on April 18, 2011.

**II.　Screening Requirement and Standard**

The Court is required to screen Plaintiff's amended complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937,

1

1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**III.     Plaintiff's Amended Complaint**

   **A.     Plaintiff's Claims**

Plaintiff's claims arise from an approximately three-month period of time when he was housed at the Stanislaus County Jail for civil commitment proceedings.  Plaintiff alleges that Sheriff Adam Christianson, Inmate Classification Lieutenant Clifton, and Facility Lieutenant Lloyd violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

         **1.     Claim One**

Plaintiff alleges that Defendant Christianson is "culpable and liable" for the actions and/or omissions of personnel under his command or under contract with Stanislaus County.  (Amend. Comp., p. 5.)  Further, Defendant Christianson had a duty to ensure that personnel under his command were properly trained.

Plaintiff alleges that after being received at the jail, he waited in excess of three hours and was then placed in an area designated for convicted criminals or criminal pretrial detainees.  After repeatedly informing staff that he was a civil detainee, Plaintiff was subjected to an unclothed body search and a body cavity search and he was denied the ability to communicate confidentially with his attorney regarding his commitment proceedings.  Plaintiff alleges that he is entitled to more considerate treatment as a civil detainee, and that Defendant Christianson is liable for failing to properly train personnel and for failing to provide appropriate conditions of confinement.

### 2. Claim Two

Plaintiff alleges that Defendant Clifton was in charge of housing and classification of inmates at the jail and he was presumably aware of the laws applicable to civil detainees. After Plaintiff notified staff that he was a civil detainee, he should have been housed in accordance with the laws applicable to civil detainees. Plaintiff alleges that Defendant Clifton was deliberately indifferent to Plaintiff's status as a civil detainee and he failed to ensure that Plaintiff was housed in the least restrictive conditions at the jail, in violation of the Due Process Clause.

### 3. Claim Three

Plaintiff alleges that Defendant Lloyd was an agent of Defendant Christianson and he is responsible for upholding the law as it applies to civil detainees. During the booking process, a female officer questioned Plaintiff regarding his commitment proceedings and diagnosis, which endangered Plaintiff's safety. Plaintiff alleges that as the area supervisor, Defendant Lloyd was responsible for ensuring that staff behaved appropriately and maintained detainees' confidentiality, and the female officer's conduct made it obvious that she had never been properly trained.

On March 19, 2009, Plaintiff was escorted to the courthouse for proceedings. Following those proceedings, a deputy ordered Plaintiff into a holding cell filled with convicted prisoners or criminal detainees. When Plaintiff refused to enter the cell because of his civil detainee status, he was taken to the ground roughly, injured, and dragged to a metal bench, where he was handcuffed. Officers then began to read Plaintiff's prior criminal charges, which included sex offenses, out loud and within earshot of other inmates. Plaintiff alleges that these events evidenced the lack of appropriate training for personnel and the failure to properly supervise personnel.

### 4. Claim Four

Plaintiff alleges that he was not provided with adequate hygiene supplies. In particular, Plaintiff was issued a small, motel-size bar of soap, which was not sufficient to allow him to bathe regularly during his detention at the jail.

### 5. Claim Five

Plaintiff alleges that during his detention at the jail, Defendants and/or their agents failed to transport Plaintiff back to Coalinga State Hospital so that he could continue with his treatment.

Plaintiff alleges that his grievances went unanswered or received the response that he would be transported when the hospital summoned for him. Plaintiff alleges that the failure to transport him may have been due to fiscal issues.

### B. Linkage Deficiencies

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded criminal pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Conditions which are as restrictive or more restrictive than those imposed upon criminal pretrial detainees and/or convicted criminals serving their jail sentences are presumptively punitive. Jones, 393 F.3d at 932.

To state a claim, Plaintiff must link the violations complained of to the named defendants. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. There is no *respondeat superior* liability under section 1983, Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and supervisory personnel may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's amended complaint sets forth no facts linking Defendants Christianson, Clifton, and Lloyd to the events at issue. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. To the contrary, because of their positions of authority, Plaintiff is attempting to impose liability on them for the actions and/or omissions of subordinate personnel. This is an impermissible basis for liability under section 1983 and the Court finds that Plaintiff fails to state a claim upon which relief may be granted against Defendants Christianson, Clifton, and Lloyd.[1] Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.

---

[1] Because of this threshold linkage deficiency, the Court does not reach whether Plaintiff's allegations are sufficient to support his claim that his constitutional rights were violated by the conditions of confinement at issue.

4

### IV.  Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim against Defendants Christianson, Clifton, and Lloyd under section 1983. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff was previously given notice of these deficiencies and the opportunity to amend, but he was unable to link the defendants to the alleged violation of his rights. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, for failure to state a claim under section 1983.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 5, 2011                  /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that there may be redress available to Plaintiff under California law, the Court expresses no opinion on that issue because in the absence of a viable federal claim, there is no supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).